ESTATE OF WILLIAM G. PECKHAM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 38891.   Promulgated May 20, 1930.

*David Armstrong, Esq.*, for the petitioner.
*Lewis S. Pendleton, Esq.*, for the respondent.

## OPINION.

MARQUETTE: The petitioner claims that in computing the net estate of the decedent subject to the Federal estate tax, there should be allowed as deductions the full amount of executors' commissions, attorney's fees and other expenses that have been paid or will be paid upon the settlement of the final account of the executors. The respondent has allowed the amount of said commissions, fees and expenses paid to and including July 29, 1927, which was more than three years after the decedent's death, but has disallowed the remainder claimed by the petitioner. The petitioner relies on section 403 (a) (1) of the Revenue Act of 1921, which provides:

SEC. 403. That for the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

(1) Such amounts for funeral expenses, administration expenses, * * * and such amounts reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent, as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered, * * *

The same provision is found in the Revenue Acts of 1918 and 1924.

The decedent, by his last will and testament, directed that distribution of his estate should not be made until six years from his death,

and since the decedent's death the estate has been maintained and preserved and is still in the hands of the executors. The respondent takes the position that in computing the net estate there should be allowed as deductions only such fees and expenses as would be incurred and paid if the estate were administered within the time usually required for that purpose.

We are of opinion that the position of the respondent is well taken. This Board has heretofore held in several cases arising under the Revenue Acts of 1918, 1921, and 1924 that in computing the net estate subject to the estate tax, only such administration expenses, including executors' fees and commissions, are allowable as deductions as would be incurred in settling up and dividing the estate within the period ordinarily required for that purpose, and that expenses incurred in preserving and maintaining the estate far beyond the ordinary administration period should be deducted in computing the income of the estate. *Grace M. Knox et al., Executors*, 3 B. T. A. 143; *William W. Mead et al., Executors*, 6 B. T. A. 752; *H. Alfred Hansen, Executor*, 6 B. T. A. 860; and *Marion M. Jackson, Executor*, 18 B. T. A. 875.

This is not the case of a will or an estate which is to be administered or distributed within the time usually required for such purpose. On the contrary, the decedent's will expressly directed that the estate be kept intact for at least six years. The executors herein, in addition to performing the usual duties of executors, also perform duties and services which are essentially those of trustees. The respondent has allowed as deductions in computing the net estate expenses incurred and paid up to July 29, 1927, which was more than three years after the decedent's death, and more than the period that would be required for the ordinary administration of the estate; and in view of the decisions cited we are of opinion that the additional fees, commissions, and expenses in controversy are not proper deductions in computing the net estate of the decedent, and that the respondent did not err in disallowing them.

*Judgment will be entered for the respondent.*